CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 21 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY M. WILSON, | ) |
| Petitioner, | ) Case No. 7:09CV00527 |
| v. | ) MEMORANDUM OPINION |
| GENE JOHNSON, DIRECTOR, | ) By: Glen E. Conrad |
| Respondent. | ) United States District Judge |

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement pursuant to the 2003 judgment of the Orange County Circuit Court under which he stands convicted of numerous charges, including malicious wounding and robbery. Upon review of the record, the court finds that the petition must be dismissed as untimely filed.

## Background

Timothy M. Wilson pleaded not guilty to the charges against him and stood trial before the Orange County Circuit Court;[1] jurors returned verdicts on October 17, 2002, finding Wilson guilty of the following offenses: breaking and entering, malicious wounding, abduction, possession of a firearm after being convicted of a felony, wearing a mask in public, robbery, and use and display of a firearm while committing malicious wounding. (Case No. CR02000081.) The Court entered final judgment on January 30, 2003, sentencing Wilson to a total of 54 years in prison. Wilson appealed unsuccessfully to the Court of Appeals of Virginia (Case No. 0433-03-2.) and then to the Supreme Court of Virginia, which refused his petition by final order dated

---

[1] The court notified Wilson in the conditional filing order entered December 30, 2009 of the relevant dates and decisions on which the court would rely in addressing the timeliness of his petition, obtained from his petition and from the state courts' online docket records, and granted him an opportunity to provide documentation contradicting this evidence. In his response received January 15, 2010, Wilson confirms that the dates listed in the court's order, and recited again here, are correct.

October 1, 2004. (Record No. 040155.) Wilson did not pursue a petition for a writ of certiorari to the United States Supreme Court.

On November 13, 2008, Wilson filed a petition for a writ of habeas corpus in the Orange County Circuit Court (Case No. CL08000279-00.), which was denied. His subsequent appeal to the Supreme Court of Virginia was refused on November 17, 2009. (Record No. 091658.) Wilson also filed a second appeal in the Court of Appeals, which the Court received on March 11, 2009 and dismissed on April 3, 2009 for lack of jurisdiction. (Case No. 0555-09-2.)

Wilson signed and dated his federal habeas petition on December 7, 2009, and the United States District Court for the Eastern District of Virginia received and filed the petition on December 15, 2009.[2] Because the state court that entered the challenged conviction is located within the territorial jurisdiction of this court, the Eastern District transferred the case by order dated October 27, 2009. The court notified Wilson by order entered December 30, 2009 that his petition appeared to be untimely filed, pursuant to 28 U.S.C. § 2244(d), and granted him an opportunity to provide additional information about timeliness, which he did.[3]

In his federal petition, Wilson alleges the following grounds for relief:

1. The Supreme Court of Virginia erred by refusing to grant a writ of habeas corpus to petitioner, although he satisfied the standard of proof set forth in Virginia Code Ann. § 8.01-654;

---

[2] Although petitioner sometimes uses the word "appeal" in the documents he has filed, he also submits a § 2254 petition form and clearly wishes to seek relief under § 2254. See Plyler v. Moore, 129 F.3d 728, 731-32 (4th Cir. 1997) (finding that lower federal courts do not have jurisdiction to review judgments of state courts on appeal, but in federal habeas corpus proceedings, may review validity of state prisoner's custody).

[3] In the conditional filing order, the court also found from Wilson's application to proceed in forma pauperis that he had sufficient monthly income to pay the $5.00 filing fee for the habeas action. Accordingly, the court directed him to submit payment or to return the executed consent form attached to the order, by which he could agree to have the money withheld from his inmate account as it became available. The order warned Wilson that the case would be dismissed unless he took appropriate action regarding the fee. Wilson has not returned either payment or an executed consent form within the time allotted. He did indicate in his response on timeliness that he wished the action to go forward, however. As the court herein finds that the petition must be dismissed as untimely filed, the court will not take further action regarding the filing fee or dismiss the action on that basis.

2.  The Supreme Court of Virginia erred by effectively reconstructing § 8.01-654 to require a higher standard of proof for a habeas petition and by not appointing counsel for the habeas proceedings;

3.  The Supreme Court of Virginia erred in failing to make provisions to allow petitioner to challenge the Circuit Court's findings of fact on which the Supreme Court relied in reaching its decision to refuse the petition; and

4.  The Supreme Court of Virginia erred by relying on the Circuit Court's decision, written by the Assistant Attorney General, in finding that petitioner's claims were procedurally defaulted.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[4] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

Wilson's convictions became final when his opportunity to file a petition for a writ of certiorari to the United States Supreme Court expired on December 30, 2004, ninety days after the Supreme Court of Virginia entered final judgment in his direct appeal proceedings. See Rule 13(1) of the Supreme Court of the United States (regarding time to file for certiorari); Clay, 537

---

[4] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

U.S. at 525. That same day, the one-year period under § 2244(d)(1)(A) to file a § 2254 petition began to run for Wilson. On December 30, 2005, that filing period expired, without Wilson having taken any further steps toward seeking post-conviction relief.

Because the one-year filing period under § 2244(d)(1)(A) had already expired by the time Wilson filed his state habeas petition in the Orange County Circuit Court on November 13, 2008, the pendency of that petition and his subsequent appeal to the Supreme Court of Virginia, and his second attempted direct appeal in the Court of Appeals of Virginia, did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). Wilson filed his federal habeas petition, at the earliest, on December 7, 2009, nearly five years after the requisite one-year statute of limitations expired on December 30, 2005.[5] As a result, his petition is untimely under § 2244(d)(1)(A). Moreover, he does not allege any facts which could support calculation of his federal filing period from any different date under subsections (B), (C), or (D) of § 2244(d)(1).

Wilson apparently seeks equitable tolling of the federal filing period, as he alleges several reasons that he did not earlier seek federal habeas relief. He states that his attorney "abandoned and lied to him," that he could not pursue habeas relief until he had obtained court records and transcripts from the trial proceedings, and that he is "unlearned and unskilled in the law . . . and did all he knew to do to obtain relief [from] his wrongful convictions which were brought on by counsel's ineffective assistance." Wilson also complains that the state courts erred in holding him to the same rules that apply to attorneys and claims that he can show cause to excuse the procedural defaults on which the state courts dismissed his claims.

---

[5] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). It appears that Wilson signed his petition on December 7, 2009. Accordingly, the court will assume for purposes of this opinion that it was "filed" on that date. He filed an earlier document styled as a "Notice of Appeal," which appears to have been signed and dated on November 24, 2009. However, this document did not state any habeas claims and was also filed outside the federal habeas filing period.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998).

Under these principles, Wilson's alleged grounds for equitable tolling are insufficient to warrant application of the doctrine. His own unfamiliarity with the legal process and lack of knowledge as to a statutory deadline for filing for federal habeas relief do not support granting such extraordinary relief, as these shortcomings are not external to Wilson and were well known to him. See Harris, 209 F.3d at 330.[6] Although the court granted him an opportunity to state any additional facts related to the timeliness of his petition, Wilson does not provide any specific facts to support his statement that counsel "abandoned and lied" to him. Thus, he fails to demonstrate that counsel's unspecified actions or omissions prevented him from seeking timely post-conviction relief.[7] Finally, he fails to demonstrate how the state courts' allegedly erroneous rulings on his claims prevented him from filing a timely federal habeas petition. As Wilson fails to show that any extraordinary circumstances outside his control prevented him from seeking federal habeas relief within the one-year filing period, the court concludes that he is not entitled to equitable tolling under § 2244(d)(1)(A).

---

[6] "Pro se litigants are entitled to some deference from courts. . . . But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519 (1972).

[7] Moreover, there is no constitutional right to the effective assistance of an attorney in state habeas proceedings. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003).

## Conclusion

For the stated reasons, the court finds it clear from Wilson's submissions that his § 2254 petition is untimely under § 2244(d)(1) and that he is not entitled to equitable tolling. Accordingly, the court is barred from addressing his claims on the merits, and the petition must be summarily dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[8]

Along with his petition, Wilson filed several motions—motion for appointment of counsel, motion to grant habeas relief, motion for evidentiary hearing, and motion for appeal bond. The court has the discretion to appoint counsel in a § 2254 action upon finding that "the interests of justice so require." See Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B). Because Wilson's § 2254 petition was not timely filed, however, the court finds no exceptional circumstance necessitating appointment of counsel for him in this case. Because the case must be dismissed, his other motions must be denied. An appropriate order will issue this day.

The petitioner is advised that he may appeal the judgment of the court, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the

---

[8] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 21st day of January, 2010.

/s/ Glen Conrad
United States District Judge